**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA**

    **vs.**                                  **2:13-cr-0254**
                                              **JUDGE GEORGE C. SMITH**

**RUDOLPH R. GALBERTH**

### REPORT AND RECOMMENDATION

The United States Probation Officer submitted a report alleging that Defendant had violated terms of supervised release. *Supervised Release Violation Report* (Doc. 4-1)(filed under seal). With the consent of the parties, the undersigned conducted a final supervised release revocation hearing on July 26, 2017.

It is alleged that, on May 8, 2017, Defendant violated Special Condition No. 1[1] by leaving, against the agency's advice and the Probation Officer's direction, the residential facility to which Defendant had been admitted for inpatient substance abuse treatment. At the final revocation hearing, Defendant stipulated to this violation. It is therefore recommended that Defendant be found to have violated a condition of supervised release and that his supervised release be revoked.

The Sentencing Guidelines suggests that this violation should result in a term of imprisonment ranging from four (4) to ten (10) months; the Guidelines do not specify a maximum new term of supervised

---

[1] "The defendant shall participate in a program of testing and/or treatment for substance abuse, as directed by the United States Probation Office until such time as the defendant is released from the program by the probation officer."

1

release. *Supervised Release Violation Report* (Doc. 4-1, PageID# 29). The Probation Office recommends that Defendant be sentenced to a new term of imprisonment of six (6) months, to be followed by a new term of supervised release of 48 months. *Id*. At the final revocation hearing, the United States recommended that Defendant be sentenced to a new term of imprisonment of six (6) months, but that a new term of supervised release be limited to 12 months. Defendant agreed that a new term of supervised release be limited to 12 months, but recommended that any new term of imprisonment be no more than 90 days. Defendant was also afforded the opportunity to personally address the Court in connection with an appropriate sanction.

This is Defendant's second revocation of supervised release; his first revocation resulted in a period of 30 days in jail. *Supervised Release Violation Report* (Doc. 4-1, PageID# 28). Thus, some period of imprisonment greater than 30 days is warranted in order to impress upon Defendant that violations of supervised release – and especially repeated violations – will not be tolerated. On the other hand, this violation did not involve new criminal activity or violence, and Defendant has secured employment, appears to have achieved a relatively stable life, and has otherwise complied with conditions of supervision. Under all these circumstances, it is recommended that Defendant be sentenced to a new term of imprisonment of four (4) months, to be followed by a new term of supervised release of 12 months.

It is therefore **RECOMMENDED** that Defendant's supervised release be revoked and that defendant be sentenced to a term of imprisonment of four (4) months, to be followed by a new term of supervised release of 12 months. Defendant has been released on conditions pending these proceedings and has complied with those conditions. It is therefore **FURTHER RECOMMENDED** that, should his supervised release be revoked and should he be sentenced to a new term of imprisonment, Defendant should be permitted to self-surrender.

The defendant should be advised of his right to appeal any sentence imposed by the District Judge and to have the Clerk file a notice of appeal on his behalf.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of*

*Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Date: July 26, 2017              *Norah M<sup>c</sup>Cann King*
                                 United States Magistrate Judge